IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
The Honorable Michael E. Romero

In re:

August John Wakat, Jr.,

Debtor.

Case No. 25-16650 MER

Chapter 7

### ORDER DENYING DEBTOR'S OBJECTION AND MOTION TO RECUSE
### (ECF Nos. 71 & 72)

THIS MATTER comes before the Court on the Objection to Creditor Meeting Under Judicial Notice, Motion for Recusal, Request to Reset Hearing, and Notice of Intent to File Adversary Proceeding ("**Motion**") filed by the Debtor, August Wakat ("**Wakat**").[1] In his Motion, Wakat raises several objections and requests several different types of relief summarized as follows: (i) objection to this Court's setting of a status conference and the continuation of his meeting of creditors by the Chapter 7 Trustee ("**Trustee**"), as well as a related request for a stay of his bankruptcy case; (ii) motion for recusal of the undersigned judge; (iii) motion for removal of the Trustee; and (iv) motion to file an adversary proceeding.

### 1. Scheduling Matters and Request for Abeyance

Wakat's Motion essentially asks that his bankruptcy case be held in abeyance for an unspecified period of time. He claims to be unable to attend a status conference set by the Court for November 21, 2025, or his continued meeting of creditors on December 10, 2025. By separate order, this Court has denied a prior motion filed by Wakat asking for the same abeyance of his bankruptcy case.[2] For all the reasons outlined in that order, which is incorporated by reference herein, Wakat's request for an abeyance is denied. This case will proceed forward. The Court has already rescheduled the telephonic status conference from November 21, 2025, to December 3, 2025, at 11:00 a.m. **Wakat is required to attend the status conference, and his failure to appear may result in dismissal of this case without further notice**.

The date and timing of the meeting of creditors is controlled by the U.S. Trustee's office and its designee, the Trustee. Wakat must contact the Trustee to request a different date, and it is within the Trustee's discretion to grant or deny such a request. The Court cautions Wakat, however, that the Bankruptcy Code requires every debtor to

---

[1] ECF No. 71, 72.

[2] ECF No. �ââ.

appear and submit to examination at a meeting of creditors.[3]  His failure to attend the meeting is grounds for dismissing his case.

### 2. Recusal

Wakat's Motion also seeks recusal of the undersigned judge due to alleged conflicts, prejudgment of disputed facts, and an appearance of partiality.  Recusal of a judge is governed by 28 U.S.C. § 455(a), which provides that: "Any . . . judge . . . of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  The test for making this determination is a purely objective one: "whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality."[4]  A judge's actual state of mind or lack of partiality is not the issue.[5]  Rather, "the inquiry is limited to outward manifestations and reasonable inferences drawn therefrom."[6]

A significant limitation on § 455(a) is the "extrajudicial source factor," which provides that the alleged bias or prejudice "'must stem from an extrajudicial source [or a source outside the judicial proceeding at hand] and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case.'"[7]  Under this factor, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion."[8]  The same is true for remarks made by a judge during a case.  As stated by the Supreme Court:

> [O]pinions formed by [a] judge on the basis of facts introduced or events occurring in the course of the [case], or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.  Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.  They may do so if they reveal an opinion that derives from an extrajudicial source; and they will do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible. . . .  Not establishing bias or partiality, however, are expressions of impatience, dissatisfaction, annoyance, and

---

[3] 11 U.S.C. § 341, 343.

[4] *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993).

[5] *Id*.

[6] *Id*.

[7] *Liteky v. United States*, 510 U.S. 540, 545 & n.1, 555 (1994).

[8] *Id.* at 555.  See also *United States v. Nickl*, 427 F.3d 1286, 1298 (10th Cir. 2005) (citing *Liteky*); *Green v. Brown*, 108 F.3d 1296, 1305 (10th Cir. 1997) ("adverse rulings cannot themselves form the appropriate grounds for disqualification").

even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display. A judge's ordinary efforts at courtroom administration . . . remain immune.[9]

The Tenth Circuit has stressed that § 455(a) "is not intended to give litigants a veto power over sitting judges, or a vehicle for obtaining a judge of their choice."[10]  To help prevent "abusive invocation of the statute," the Tenth Circuit has provided a list of matters that will not ordinarily satisfy the requirements of § 455(a).  These include: (i) "[r]umor, speculation, beliefs, conclusions, innuendo, suspicion, opinion, and similar non-factual matters"; (ii) "the mere fact that a judge has previously expressed an opinion on a point of law;" (iii) "prior rulings in the proceeding, or another proceeding, solely because they were adverse"; and (iv) "baseless personal attacks on or suits against the judge by a party."[11]

In this case, Wakat fails to provide specific examples to support his belief that recusal is necessary.  It appears that Wakat may be unhappy with some orders entered by this Court.  However, such complaints do not satisfy the § 455(a) standards.  As discussed above, the Supreme Court has held that judicial rulings and opinions alone "almost never" constitute a valid basis for a bias or partiality motion.[12]  This is because judicial rulings, "[i]n and of themselves . . . cannot possibly show reliance upon an extrajudicial source."[13]  A judicial ruling can only serve as a basis for disqualification where it "display[s] a deep-seated favoritism or antagonism that would make fair judgment impossible."[14]  Wakat has not made such a showing.  He may disagree with some of this Court's rulings.  However, the remedy for the Wakat's disagreement is an appeal, not disqualification.[15]  The Court concludes Wakat has failed to establish grounds for recusal.

### 3. Removal of the Trustee

Wakat also seeks the removal of Joli Lofstedt as the Trustee.  Pursuant to 11 U.S.C. § 324(a), the bankruptcy court may remove a trustee for cause.  As the movant, Wakat bears the burden of establishing cause by setting forth specific facts that support

---

[9] *Id*. at 555–56.

[10] *Cooley*, 1 F.3d at 993.

[11] *Id*. at 993-94.

[12] *Liteky*, 510 U.S. at 555; *Nickl*, 427 F.3d at 1298; *Green*, 108 F.3d at 1305.

[13] *Id*.

[14] *Id*.

[15] *Liteky*, 510 U.S. at 555 (stating that dissatisfaction with a judge's legal ruling "[is] proper grounds for appeal, not for recusal."); *Nickl*, 427 F.3d at 1298 ("These are merely adverse rulings, and do not in themselves support a bias charge. . . . They are grounds for appeal, not recusal.").

the removal of the Trustee.[16] A conclusory contention unsupported by specific facts does not constitute sufficient grounds for the removal of a trustee.[17] Wakat has not made the required showing. Wakat appears unhappy that the Trustee has not sought to quiet title to particular real property he alleges belongs to the bankruptcy estate and has failed to investigate threats made against Wakat relating to "coal-mine contamination." The Trustee has just begun her investigation of the estate's assets. She is not obligated to do so on Wakat's timeline or in the manner suggested by Wakat. Nor is she the proper party to investigate "threats" made against Wakat. The Court finds no legitimate grounds for removing the Trustee.

### 4. Filing of a New Adversary Proceeding

Finally, Wakat's Motion seeks permission to file an adversary proceeding related to "OkieSmoke Dispensary Inc." Wakat appears to believe that this Court dismissed a pending adversary proceeding numbered "25-10001" relating to this business. No such adversary proceeding or case was filed or dismissed. The Court is aware that Wakat attempted to use the Electronic Self-Representation module ("eSR") to electronically file a Chapter 7 bankruptcy petition on behalf of OkieSmoke and the Clerks' Office rejected that filing. The eSR module is available only to self-represented individuals, not businesses.[18]

Wakat now seeks to file a new adversary proceeding against OkieSmoke, alleging breach of contract, unjust enrichment, property damage, and related claims. Those claims, however, now belong to Wakat's bankruptcy estate. Only the Trustee (and not Wakat) has authority to make decisions about whether to pursue the claims on the estate's behalf, and in what venue. Accordingly, the Court denies Wakat's request to file an adversary proceeding against or otherwise involving OkieSmoke.

### CONCLUSION

For all the reasons set forth above, Wakat's Motion is DENIED.

Dated: November __, 2025          BY THE COURT:

Michael E. Romero, Judge
United States Bankruptcy Court

---

[16] *Alexander v. Jensen-Carter (In re Alexander)*, 289 B.R. 711, 714 (8th Cir. BAP 2003).

[17] *Id*.

[18] *See* General Procedure Order 2025-1. As a corporate entity, OkieSmoke must be represented by counsel in order to file anything with this Court. L.B.R. 9010-1(e).

4