**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**
The Honorable Michael E. Romero

| | |
|---|---|
| In re:<br><br>August John Wakat, Jr.,<br><br>Debtor. | Case No. 25-16650 MER<br><br>Chapter 7 |

### ORDER DISMISSING CASE

      One of the primary goals of bankruptcy is to provide the "honest but unfortunate debtor" with a fresh start.[1]  This fresh start is accomplished by converting the estate of a debtor into cash for distribution among creditors.[2]  In a Chapter 7 case in particular, a debtor is allowed to discharge his outstanding debts in exchange for liquidating his nonexempt assets and distributing them to his creditors.  In the rare circumstances where a debtor files a bankruptcy case that subverts these purposes, dismissal for cause is appropriate under 11 U.S.C. § 707(a).  This is one of those rare cases.

      Section 707(a) provides that a court may dismiss a Chapter 7 case "only for cause."  Then it lists three, non-exhaustive examples of "cause," including "unreasonable delay by the debtor that is prejudicial to creditors."[3]  In addition to those examples, most courts have held that a court may dismiss a chapter 7 case under § 707(a) for bad faith.[4]  However, unlike the bad-faith analysis under other provisions of the Bankruptcy Code, bad faith under § 707(a) is narrowly defined.  Bad faith only exists where the debtor has "abused the provisions, purpose, or spirit of bankruptcy law."[5]  Stated another way, bad faith is "evidenced by the debtor's deliberate acts or omissions that constitute a misuse or abuse of the provisions, purpose, or spirit of the Bankruptcy

---

[1] *Janvey v. Romero*, 883 F.3d 406, 410 (4th Cir. 2018) (citing *Marrama v. Citizens Bank of Mass.*, 549 U.S. 365, 367 (2007)); *see also Dalton v. Internal Revenue Service (In re Dalton)*, 77 F.3d 1297, 1300 (10th Cir.1996) ("The purpose of the Bankruptcy Code is to provide the honest, but unfortunate debtor a fresh start.") (citing *Grogan v. Garner*, 498 U.S. 279, 286-87 (1991)).

[2] *Janvey*, 883 F.3d at 410 (citing *Kokoszka v. Belford*, 417 U.S. 642, 645-46 (1974)).

[3] 11 U.S.C. § 707(a).  A bankruptcy court may dismiss a chapter 7 case *sua sponte* "for cause" under § 707(a) in the absence of a motion. *In re Piazza*, 719 F.3d 1253, 1259 n.2 (11th Cir. 2013).

[4] *Janvey*, 883 F.3d at 412; *In re Krueger*, 812 F.3d 365, 370 (5th Cir. 2016; *In re Schwartz*, 799 F.3d 760, 764 (7th Cir. 2015); *In re Piazza*, 719 F.3d 1253, 1260-61 (11th Cir. 2013); *In re Snyder*, 509 B.R. 945, 949-50 (Bankr. D.N.M. 2014); *In re Kramer*, 614 B.R. 899, 906-07 (Bankr. N.D. Okla. 2020)

[5] *Janvey*, 883 F.3d at 410; *In re Kramer*, 614 B.R. at 907.

Code."[6]  In determining whether a debtor filed a Chapter 7 case in bad faith, a court must consider the totality of circumstances that led the debtor to seek bankruptcy relief.[7]

The Debtor, August Wakat, initiated this Chapter 7 case on October 14, 2025. Since that date, he has filed more than fifty pleadings in his main case and initiated three adversary proceedings, all of which have been removed from state court.  Almost all of his pleadings have voluminous attachments containing other pleadings and documents filed in prepetition litigation that Wakat initiated in multiple municipal, state, and federal venues.  Often, the pleadings he files in his bankruptcy case are merely copies of pleadings from other cases, to which Wakat has added his bankruptcy case number.  From what the Court can surmise, much of this litigation is in some way connected (often tangentially) to a commercial property located in Tulsa, Oklahoma, in which Wakat claims an ownership interest ("Commercial Property").  There appear to be at least two prepetition foreclosure proceedings involving this property.  While it is not unusual for a bankruptcy debtor to be engaged in prepetition foreclosure litigation, Wakat's situation is far from typical.  His lawsuits go far beyond foreclosure defense. He has sued dozens of persons he believes have somehow acted illegally towards him or the property, including municipal officials, the court clerk's office staff, judges, and attorneys.  His claims are wide-ranging and include, without limitation, zoning disputes, reclamation claims, attorney disciplinary matters, criminal matters, constitutional violations, and allegations of conspiracies.

Wakat's litigation is frequently unsuccessful.  When matters do not go well in one forum, Wakat files a new action or seeks a transfer or removal of his claims to a different forum.  He has sought the removal of state court actions to several federal district courts located in Colorado, Oklahoma, and Texas.  For example, before the petition date, Wakat filed or was a party to several state court actions in Oklahoma concerning the Commercial Property.  When those proved unsuccessful for Wakat, he filed at least eleven removal or similar actions, asking to have the District Court for the Northern District of Oklahoma decide the claims.[8]  All but one of those federal cases have been dismissed, and the Northern District of Oklahoma placed filing restrictions on Wakat due to his numerous frivolous actions.[9]  Shortly thereafter, Wakat filed his bankruptcy petition.

Wakat has continued his predilection for litigation in this Court.  He removed three pending state court cases from Oklahoma and attempted to remove several

---

[6] *In re Piazza*, 719 F.3d at 1272.

[7] *Janvey*, 883 F.3d at 410; *In re Kramer*, 614 B.R. at 907.

[8] Case Nos. 2024-cv-576, 2025-cv-201, 2025-cv-202, 2025-cv-206, 2025-cv-268, 2025-cv-380, 2025-cv-381, 2025-cv-384, 2025-cv-386, 2025-cv-389, 2025-cv-564, 2025-cv-202 (N.D. Okla).

[9] *In the Matter of August Wakat Filing Restrictions*, Case No. 25-go-00001-JFH (N.D. Okla Sept 10, 2025).

2

more.[10] He has sought, through various procedural mechanisms, to have this Court determine matters pending before municipal zoning boards, state courts, federal district courts, and federal appellate courts.[11] Wakat has also, on multiple occasions, asked this Court to declare a stay of various proceedings or to seek other injunctive relief against litigants in different actions.[12] He has also requested that this bankruptcy case be stayed or dismissed so that he can pursue various claims in other venues.[13] He frequently makes requests of this Court that are clearly beyond this Court's limited jurisdiction, like investigating alleged criminal activities or referring matters to the FBI and the Department of Justice.[14] He sought the removal of the Chapter 7 Trustee and requested the recusal of the undersigned judge. The Court has denied all these requests and, in several orders, informed the Debtor that the Chapter 7 Trustee controls the property of his bankruptcy estate, including any decisions regarding the Commercial Property and any prepetition claims he has against third parties. Despite these warnings, Wakat continues to file pleadings seeking to continue and expand his prepetition litigation against various parties.

      The Court set a telephonic status conference for November 21, 2025, to discuss these matters with Wakat.[15] Wakat requested a continuance, which the Court granted, but further ordered that his failure to attend the continued status conference could result in dismissal of his case.[16] Wakat then made two more requests for continuances, which the Court denied and again warned the Debtor that his failure to appear at the continued status conference would result in dismissal of his case.[17] Despite these warnings, Wakat failed to appear at the status conference on December 3, 2025.[18] He also failed to appear at the continued meeting of creditors scheduled by the Chapter 7 Trustee.[19]

---

[10] Adv. Pr. Nos. 25-1303, 25-1321, 25-1323; Case No. 25-16550 ECF Nos. 30, 71.

[11] E.g., ECF Nos. 25, 30, 36, 44, 45.

[12] E.g., ECF Nos. 9, 32, 33, 61. 62.

[13] E.g., ECF Nos. 52, 71, 80, 82, 88. The exact relief Wakat seeks in his "Motion to Dismiss" at ECF No. 88 is unclear as he requests dismissal of his adversary proceedings but later also requests that his main case be dismissed or stayed while the adversary proceedings progress.

[14] E.g., ECF No. 88, at 4-6.

[15] ECF No. 57.

[16] ECF No. 72.

[17] ECF Nos. 81, 84.

[18] ECF No. 85.

[19] ECF No. 95.

All these activities lead the Court to conclude that Wakat's case serves no legitimate bankruptcy purpose.  He is not an honest but unfortunate debtor seeking to liquidate his nonexempt assets for distribution to his creditors. Instead, this case is just Wakat's latest attempt at forum shopping.  Although Wakat characterizes his actions as relating to estate property (i.e., the Commercial Property), that is not the case.  His claims and assertions extend well beyond his alleged ownership rights in that property.  Even if his description were accurate (it is not), Wakat has no authority to make decisions about any real property that belongs to his bankruptcy estate, nor any prepetition litigation claims he might have against third parties.  That is solely the province of the Chapter 7 Trustee.  Wakat fails to acknowledge his lack of authority over the property of the estate and instead continues to file frivolous and groundless pleadings.  His actions have substantially delayed the administration of this case, thereby harming creditors.  Accordingly, the Court concludes there is cause for dismissal of this case under 11 U.S.C. § 707(a) due to Wakat's bad faith and unreasonable delay by the debtor that is prejudicial to creditors.  Accordingly, it is hereby

ORDERED that this bankruptcy case is DISMISSED.  All pending motions are DENIED as moot.  By separate orders, the Court will remand the pending adversary proceedings to the applicable state courts.

Dated: December 17, 2025                    BY THE COURT:

Michael E. Romero, Judge
United States Bankruptcy Court